```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION
```

JAMES ALEXANDER LOGAN,

                          Plaintiff,

v.                                       Case No. 3:14-cv-310-J-34JRK

SERGEANT EDWARD HALL,
et al.,

                          Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

     Plaintiff James Alexander Logan, an inmate of the Florida penal system who is proceeding in forma pauperis, initiated this action by filing a Civil Rights Complaint (Complaint) (Doc. #1) on March 20, 2014. In the Complaint, Logan names the following individuals as defendants: Sergeant Edward Hall, Officer Larry Green, Officer Bradley McKinney, Nurse Katherine Burgin, Officer Joshua Hodges and Sergeant R. Knight. Logan asserts that Defendants Green and Hall sexually harassed and verbally abused him on February 5, 2014, and when Logan filed a grievance, the Defendants retaliated against him by filing false disciplinary reports. As relief, Logan seeks compensatory and/or punitive damages for excessive time in administrative and close management confinement as a result of Defendants' alleged retaliation. He also requests that the Court direct the Florida Department of Corrections to send the Inspector General to Florida State Prison (FSP) to meet with him about the alleged retaliation at FSP.  Additionally, he

requests "federal and state indictments against each defendant(s)." Complaint at 7(c), paragraph 10.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be

dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted).  Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)).  More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983.  See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In the absence of a federal constitutional deprivation or violation of a federal right, Plaintiff cannot sustain a cause of action against the Defendants under 42 U.S.C. § 1983.

With respect to the alleged verbal abuse by Defendants Hall and Green, such allegations do not state a claim of federal constitutional dimension. See Hernandez v. Fla. Dep't of Corr.,

281 F. App'x 862, 866 (11th Cir. 2008) (per curiam) (citing Edwards v. Gilbert, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989)) ("Hernandez's allegations of verbal abuse and threats by the prison officers did not state a claim because the defendants never carried out these threats[,] and verbal abuse alone is insufficient to state a constitutional claim."), cert. denied, 129 S.Ct. 1402 (2009).

> "[M]ere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations." Coyle v. Hughes, 436 F.Supp. 591, 593 (W.D. Okl[a]. 1977). "Were a prisoner . . . entitled to a jury trial each time that he was threatened with violence by a prison guard, even though no injury resulted, the federal courts would be more burdened than ever with trials of prisoner suits . . . ." Bolden v. Mandel, 385 F.Supp. 761, 764 (D. Md. 1974). See Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973) (the use of words, no matter how violent, does not comprise a section 1983 violation).

McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983).

To the extent that Logan is requesting that this Court criminally charge the Defendants for subjecting him to cruel and unusual punishment, this Court has no authority to file criminal charges or to direct that charges be filed against the officers. The proper avenue to seek such relief is for Plaintiff to contact the State Attorney's Office, Eighth Judicial Circuit, in and for Bradford County, Florida, if appropriate. Additionally, to the extent that Logan requests that this Court reprimand the officers and/or terminate their employment, this Court does not have the

authority to reprimand a department employee and/or terminate the officers' employment with the Florida Department of Corrections. Plaintiff may also seek relief by initiating a grievance pursuant to the prison's administrative grievance procedures.

To the extent that Logan is requesting that the Court direct the Inspector General to interview him, this Court has no authority to direct the Inspector General to investigate. The proper avenue to seek such relief is for Logan to initiate a grievance pursuant to the prison's administrative grievance procedures. However, in an abundance of caution, the Court will refer this matter to the Inspector General for the Florida Department of Corrections for whatever action might be deemed appropriate in light of Logan's allegations.

Additionally, to the extent Logan requests compensatory and punitive damages for Defendants' alleged denial of his federal constitutional rights, his claims for mental or emotional injuries are barred by 42 U.S.C. § 1997e(e) as long as he remains incarcerated. Section 1997e(e) "applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2002), cert. denied, 540 U.S. 1112 (2004). Thus, pursuant to § 1997e(e), a prisoner bringing a § 1983 action must demonstrate a physical injury that is more than de minimus in order to recover compensatory or punitive

damages for mental or emotional injury suffered while in custody. Al-Amin v. Smith, 637 F.3d 1192 (11th Cir. 2011); Hale v. Sec'y, Dept. of Corr., 345 F. App'x 489, 491 (11th Cir. 2009) (per curiam) (citation omitted). Nevertheless, an action barred by § 1997e(e) is barred only during Plaintiff's imprisonment. Here, Logan does not allege any physical injury as a result of Defendants' actions. He simply states that Defendants filed false disciplinary reports as a retaliatory measure because he complained about prison conditions.

For the foregoing reasons, this case will be dismissed without prejudice to Logan's right to pursue those other avenues of relief and then refile his claims under 42 U.S.C. § 1983 in accordance with the Court's instructions, if he elects to do so. The Clerk of Court will be directed to provide a civil rights complaint form and Affidavit of Indigency form to Logan.  If Logan chooses to refile a civil rights complaint in this Court to address any alleged federal constitutional violations, he must submit a fully completed civil rights complaint form with an original signature and must submit a copy of the form for each Defendant for service of process.  Moreover, Logan must either pay the $400.00 filing fee or file a fully completed Affidavit of Indigency form.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITHOUT PREJUDICE**.

2.  The **Clerk of the Court** shall enter judgment dismissing this case without prejudice.

3.  The Clerk of Court shall send a copy of the Complaint (Doc. #1) and this Order via facsimile to the Inspector General for the Florida Department of Corrections for whatever action might be deemed appropriate in light of Logan's allegations.

4.  The Clerk of Court shall send a civil rights complaint form and an Affidavit of Indigency form to Plaintiff. If Plaintiff elects to initiate a civil rights action, Plaintiff shall *either* file a fully completed Affidavit of Indigency (if Plaintiff desires to proceed as a pauper) **or** pay the $400.00 filing fee (if Plaintiff does not desire to proceed as a pauper). Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims.

5.  The Clerk of the Court shall close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of April, 2014.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

sc 3/21
c:
James Alexander Logan

7